COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

MATTHEW McKENZIE,                                     )

                                                                              )              
No.  08-03-00107-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )                
168th District Court

THE STATE OF TEXAS,                                     )

                                                                              )            
of El Paso County, Texas

Appellee.                           )

                                                                              )               
(TC# 20020D00433)

                                                                              )

 

 

O
P I N I O N

 

Appellant was
convicted by a jury of two counts of injury to a child and sentenced to 8 and 6
years=
imprisonment, respectively.  He brings
two issues:  (1) that the evidence is
factually insufficient; and (2) that the trial court abused its discretion in
admitting a written statement into evidence. 
We affirm.








On the afternoon
of December 21, 2001, Appellant and his wife took their five-month-old baby
girl to see her pediatrician.  The infant
was suffering from swelling on the left side of her head.  The infant was immediately admitted at a
nearby hospital and a CAT scan was performed. 
The next day, a pediatric radiologist determined that the infant had a
depressed fracture of the skull and he also noted a series of healed or healing
fractures of the ribs.  The hospital
notified the police.  Late that night and
continuing into the morning of December 23, the Appellant and his wife were
interviewed by Crimes Against Children detectives.  The Appellant first gave a written statement
that his daughter had hit her head when she flipped out of her car seat when he
stopped the car suddenly.  A second
written statement was made in which he admitted hitting the infant twice with
the palm of his hand and, on earlier occasions, squeezing the infants torso in
frustration.

In his first
issue, Appellant contends that the evidence is factually insufficient to prove
that he caused the infant=s
injury by Astriking
JADE MCKENZIE about the head with Defendant=s
hand.@[1]  Specifically, he contends that because the
State=s expert
witness, the pediatric radiologist, testimony that the skull fracture would
have been caused by Asomething
sharp,@ Asomething hard,@
and Aat an
edge,@
contradicted or mutually excluded the Appellant=s
admission that he had hit his daughter with the palm of his closed fist as well
as the radiologist=s
testimony that a grown man=s
hand could have cause the injury.  It is
true, in formal logic, that if two statements are contradictory, they cannot
both be true and cannot both be false. 
In other words, it is one or the other. 
However, there is no contradiction in the evidence in this case.  Closing one=s
hand into a fist yields an aspect of the palm that is Asharp,@ Ahard,@ and Aat
an edge.@








In considering a
factual sufficiency challenge, we will set aside the verdict only if the
verdict is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust.  Clewis v.
State, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996); Duffy v. State, 33
S.W.3d 17, 22 (Tex.App.--El Paso 2000, no pet.).  In this case, we find there is overwhelming
and uncontroverted evidence that Appellant caused injury to his daughter by
striking her with the palm of his closed hand. 
Issue One is overruled.

In Issue Two,
Appellant contends that the trial court erred in admitting his second written
statement because it was not voluntarily and violated both federal and state
constitutions.  

In reviewing the
voluntariness of a confession, we must give almost total deference to the trial
court=s
determination of historical facts in a suppression hearing.  State v. Ross, 32 S.W.3d 853, 856
(Tex.Crim.App. 2000); Licon v. State, 99 S.W.3d 918, 924 (Tex.App.--El
Paso 2003, no pet.).  We also review the
evidence in the light most favorable to the trial court=s
ruling and cannot reverse the trial judge=s
decision on the admissibility of evidence absent a clear abuse of
discretion.  Romero v. State, 800
S.W.2d 539, 543 (Tex.Crim.App. 1990); Licon, 99 S.W.3d at 924.

The primary basis
for Appellant=s claim
is that his second written statement in which he admitted striking his infant
daughter in the head and squeezing her torso to stop her from crying was
coerced by threats that his wife would be arrested and their baby taken from
them.  He also claims for the first time
on appeal that the threat was reinforced by his lack of sleep and long duration
of the interview through the night and into the morning of the next day. 

At the hearing on
Appellant=s motion
to suppress the second written statement, the detective who took the statement
denied that he ever threatened the Appellant. 
He testified that after the first statement was completed, he confronted
the Appellant with the fact that the infant had other healing injuries that had
been inflicted and that the infant had only had three caretakers: Appellant,
his wife, and a baby-sitter.  The
Appellant, according to the detective, began crying and readily admitted
causing all of the injuries.








The Appellant
testified that the detective told him that if he did not make a second statement
he and his wife would likely be arrested and their baby taken away from
them.  He claimed that he did not
participate in the preparation of the second statement and simply signed it
because he was under the impression that if he did not, Amy
wife and I would be arrested.@  He never mentioned being stressed by lack of
sleep or otherwise complained about the duration of the interrogation.

Here, we have
contradictory statements.  The trial
court believed the detective and that there were no threats made to coerce the
Appellant=s
confession.  The trial court properly
found that the second statement was given voluntarily and admitted it into evidence
at trial.  We overrule the Appellant=s second issue. 

The judgment of
the trial court is affirmed. 

 

 

August
20, 2004

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.

 

(Do Not Publish)











[1]
Appellant has not challenged the sufficiency of the evidence to support the
jury=s finding
in Count 2 of the indictment.